UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
A.M., on Behalf of J.M.,

                Plaintiffs                        **MEMORANDUM & ORDER**

         - against -                             08 CV 1962 (RJD)(LB)

NYC Department of Education; School District 29;
P.S./I.S. 270Q; NYC Department of Health and
Mental Hygiene; Office of School Health; Office of
School Food Services; Chancellor Joel Klein;
Superintendent Joanne Joyner-Wells; Principal
Eleanor Andrew; the City of New York ("DOE"),

                Defendants.
----------------------------------------------------------------x
DEARIE, District Judge.

      On January 17, 2012, this Court granted defendants' motion for summary judgment in full after consideration of more than one-thousand pages of documents submitted by plaintiffs in the light most favorable to them and affording plaintiffs' wide-ranging factual and legal claims every possible benefit of the doubt. See A.M. ex rel. J.M. v. Dept. of Educ., --- F.Supp.2d ----, 2012 WL 120052 (E.D.N.Y. Jan. 17, 2012) (ECF Docket # 84).

      Plaintiffs now move for reconsideration, asking the Court to take "into consideration that Defendants violated Section 504, IDEA, ADA, Equal Protection Clause of the 14th Amendment, New York State, New York City and other pertinent laws, as fully explained in Plaintiffs Complaint, Affirmation and Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint/Appeal, among other documents, as well as Plaintiff's supportive evidence in the record." ECF Docket # 89. The Court, however, has already done so and more. Plaintiff's motion for reconsideration is, therefore, DENIED.

## DISCUSSION

Motions for reconsideration in this district are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Southern and Eastern Districts of New York. See generally United States v. James, 02 CV 778 (SJ), 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). According to the Second Circuit, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Laina v. United Cerebral Palsy of New York City, Inc., No. CV 2011-3983(SJ)(MDG), 2012 WL 28291 (E.D.N.Y., Jan. 5, 2012) ("Reconsideration is appropriate where movant demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice") (internal quotation omitted); Gibson v. Cmm'r of Mental Health, 04 CV 4350, 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009) (Scheindlin, J.) (motion for reconsideration "is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal") (internal quotation omitted); Nielsen v. New York City Dep't of Educ., 04 CV 2182, 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007) (Garaufis, J.) ("The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court") (internal quotation omitted).

In short, "a motion for reconsideration is not to be used for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Ballard v. St. Peter's Recovery Center, 06 CV 1285, 2007 WL 766321, at *1 (N.D.N.Y. Mar. 8, 2007) (internal quotation omitted).

Plaintiffs have not made a sufficient showing under these standards. Plaintiffs have not alerted the Court to controlling decisions or features of the record that the Court mistakenly overlooked or that otherwise warrant reconsideration by the Court. Indeed, their motion, in substance and form, is an appeal; to wit, plaintiffs argue that by "fail[ing] to weigh the monumental evidence in the record in favor of Plaintiffs" and "failing to penalize the Defendants for violating federal, state and city laws" the Court simply came out the wrong way on each of the plaintiffs' claims. In short, plaintiffs' papers present only "repetitive arguments on issues that have already been considered fully by the court." Nielsen, 2007 WL 2743678, at *1.

Accordingly, the motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February /0, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge