ORIGINAL



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────X

AURA MOODY on behalf of JULIAN MOODY

    Plaintiffs,

 -against-

NYC DEPARTMENT OF EDUCATION, et al.,

    Defendants.
────────────────────────────X

08 Civ 1962 (RJD) (LB)

NOTICE OF MOTION
FOR RECONSIDERATION
OF COURT ORDER
DATED JANUARY 17, 2012

**PLEASE TAKE NOTICE**, that pursuant to Local Civil Rule 6.3, and by this motion, AURA MOODY on behalf of JULIAN MOODY, the Plaintiffs in this case will move this Court for an Order reconsidering its ruling dated January 17, 2012 granting Defendants' motion for summary judgment in its entirety (all of the Plaintiffs' claims personal to the parent are dismissed with prejudice; all of the plaintiffs' claims personal to Julian Moody are dismissed without prejudice; the Clerk of the Court is directed to close this case), and based on same, to issue an Order in favor of Plaintiffs, along with such other and further relief as the Court deems just and proper. By letter dated January 25, 2012, Plaintiff requested an extension of time to file a motion for reconsideration. By Order dated January 31, 2012, the Court granted Plaintiffs an extension of time until February 8, 2012. Plaintiffs believe that the Court has overlooked the matters in this case, in prejudice of Plaintiffs, as set forth in the attached Memorandum.

Dated:    Saint Albans, NY, February 8, 2012

Respectfully submitted,

Aura Moody on behalf of Julian Moody, Pro Se Plaintiffs

112-26 197th Street, Saint Albans, NY 11412

(718) 465-3725

1

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT ORDER DATED JANUARY 17, 2012

Plaintiffs are seeking a motion for reconsideration of the January 17th Order. The Court misconstrued the facts that gave raise to this case, failed to address all claims in the complaint as well as to analyze Plaintiffs' supportive evidence in rendering its decision. The Court also erred by justifying Defendants' neglectful, intentional and malicious actions in violation of Plaintiffs' rights, as well as for failing to penalize Defendants for violating federal, state and city laws, as stated in Plaintiffs' complaint and opposition papers and supported by the evidence in the record.

Plaintiffs would like the Court to take into consideration that Defendants violated Section 504, IDEA, ADA, Equal Protection Clause of the 14th Amendment, New York State, New York City and other pertinent laws, as fully explained in Plaintiffs' Complaint, Affirmation and Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint/Appeal, among other documents, as well as Plaintiffs' supportive evidence in the record. Defendants also discriminated against Plaintiffs on the grounds of race, color and national origin. Moreover, they undertook retaliatory actions against Plaintiffs as a result of this action. Plaintiff would like the Court to be aware of possible forthcoming retaliatory actions as Plaintiff Aura Moody is an employee of the Department of Education who is challenging the Court's decision and the wrongful and deliberate actions perpetrated by these powerful Defendants (institutions as well as individuals in their personal and professional capacity).

The Court erred by accepting the Impartial Hearing Officer's unfair decision despite Plaintiffs' strong and undisputable arguments, as set forth in Plaintiffs' complaint and opposition papers, which are corroborated by the supportive evidence in the record, which the Court failed to analyze/interpret in light of the most favorable party when rendering its decision.

On information and belief, the Court misapprehended the fact that Defendants failed to file an answer to Plaintiffs' complaint. In lieu, they moved to dismiss it under Rule 12 of the FRCP, without the Local rule 12.1 notice but attaching documents outside the pleadings.

The Court erred by allowing Defendants to violate Julian's rights to be evaluated and recommended services by a legal 504 Team and Committee on Special Education (CSE) Team, as mandated by federal, state and city laws. Also, by violating Plaintiffs' due process rights and procedural requirements, as well as unfairly justifying Defendants' wrongful actions such as not providing parents with procedural safeguards booklets and notices; CSE's disregard of parent's referral for an evaluation of Julian (failure to open/clock in the case within 72 hours of receipt of the referral letter; to send Plaintiffs an immediate acknowledgement letter along with "NYS Procedural Safeguards Notice for Parents of Children with Disabilities/Ages 3-21"; to conduct an evaluation, hold an IEP meeting and make placement recommendation within 60 days, etc.); failure to convene a full 504 Team meeting; failure to develop and implement a 504 plan; failure to develop and implement a contingency plan; failure to develop and present a cost-benefit analysis when denying Plaintiffs' requests; failure to clock in and schedule Plaintiff's second request for an Impartial Hearing and render a decision within 45 days ; failure to communicate with Plaintiffs; failure to render a decision to Plaintiffs' requests in writing; failure to honor the April 21st 504 (an official federal document, which contrary to the Court's interpretation, Dr. Barberis had attached Doctor Kreitzer's 504 Order and Nutrition Plan); tampering Julian's school/medical record (disappearing page 2 of the April 504 form, to wit the school nurse and supervisor testified under oath they had received from Principal Andrew, contrary to her own sworn statements at the deposition); failure to Superintendent Joyner-Wells to consult with

3

higher DOE/DOHMH/OSF officials Plaintiff's requests prior to her denial via phone rather than in writing; failure to comply with the production of documents; submitting false Affidavits, etc.

During the discovery process, Plaintiffs presented to the Court crucial documents that directly contradicted the false, misleading and outrightly untrue information in the Affidavits of Dr. Krisgsman and Principal Andrew (made in support of Defendants' motion for summary judgment), especially when Defendants' sworn Affidavits failed to provide or attach an iota of evidence whatsoever to support their assertions.

The Court failed to weigh the monumental evidence in the record in favor of Plaintiffs. Superintendent Joyner-Wells, Dr. Krigsman, Principal Andrew and other witnesses swore under oath that the statements contained in their Affidavits/depositions are true. However, the evidence shows otherwise. Upon information and belief, the lies contained in these depositions are not only disrespectful to the Court and the truth-finding process that is the foundation of justice in every case, but also shameful, unjust, morally and ethically reprehensible and self-serving.

Instead of producing the evidence Plaintiffs requested via 17 subpoenas (document requests), Defendants moved to quash them or in alternative for a protective order under Rule 26(c) of the FRCP. Although Defendants did not establish prejudice or undue burden with regard to responding to the subpoenas, by Order dated August 25, 2010, the Court did strike the number 17, which sought a list of student siblings who were accepted into the lottery schools for District 29, the names of all the students placed on the waiting lists, and the criteria used to determine acceptance under the grounds that the information requested was beyond the scope of Plaintiffs' claims, but these documents are of paramount importance to support that Defendants retaliated against Plaintiffs as a result of this legal action. The Court erred by ruling that Plaintiff does not have the capacity, as a non-attorney pro se litigant, to represent her daughter Diamond.

4

The Court ordered Defendants to produce the documents requested in Plaintiffs' subpoenas numbers 1, 2, 3, 4, 5, 7, 8, 9, 11 and 13 by September 24, 2010, but failed to enforce its ruling. Although Plaintiffs sought a motion to compel compliance with the Order, the Court failed to hold them in contempt for their illegal actions. Defendants' admission was that they did not have the requested documents, with the exception of the Glucose Monitoring forms. Due to Defendants' failure to produce the requested documents during discovery, prior to submitting this instant motion for reconsideration, Plaintiff Aura Moody contacted the Pro Se Office to request the issuance of new subpoenas seeking for documents Defendants may still have in their custody, but her request was denied, upon consultation with Judge Dearie's Chambers.

Plaintiffs have a good faith belief that, in its January 17th decision, the Court allowed Defendants' perjury to go unchallenged by failing to objectively analyze and consider Plaintiffs' supportive evidence in the record. Defendants' actions are a travesty of justice as well as a denial of Plaintiffs' most basic rights, the rights to due process and equal protection of the law. In order for justice to be done, the true must prevail. In order to avert the duplication of paperwork, Plaintiff are respectfully asking the Court to review the documents/evidence in the record.

In compliance with the Court's rules, Plaintiffs have mailed a copy of this motion to Ms. Janice Casey Silverberg at her designated office address.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that their motion for reconsideration of Court Order dated January 17, 2012 be granted in all respects, and a decision be rendered in favor of Plaintiffs, along with such other and further relief as the Court deems just and proper.

Respectfully yours,

5

*[signature]*
AURA MOODY
Pro se Plaintiff
112-26 197th Street
Saint Albans, NY 11412
(718) 465-3725

Dated:   Saint Albans, New York
         February 8, 2012


TO:   Janice Casey Silverberg, Esq.
      Assistant Corporation Counsel
      Attorney for the City of New York, et al
      City of New York Law Department
      100 Church Street
      New York, NY 10007